UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**CHARLES JAY WOLFF,**

    **Plaintiff,**

    v.

**THE UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS,**

    **Defendant.**

Civil Action No. 18-10162-DJC

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                                             June 20, 2018

*Pro se* litigant Charles Jay Wolff ("Wolff") has filed a civil complaint, D. 1, and numerous exhibits, D. 1-1, in which he alleges that the United States Department of Veterans Affairs ("VA") is wrongfully requiring him to reimburse the agency for overpaid benefits. For the reasons set forth below, the court will dismiss this action without prejudice for lack of jurisdiction.

**I.     Background**

According to the complaint and exhibits, in November 1993, the VA notified Wolff that his service-connected disability benefit was increasing from a 10% entitlement rating to a 100% rating. See Exhs. at 2. Sometime thereafter, he was convicted of a felony and began serving a prison sentence. He remains incarcerated in New Hampshire state prison.

No later than September 1997, the VA informed him that, due to his incarceration, his benefits were being decreased by 90%, retroactive to the sixty-first day of his incarceration (approximately July 1, 1996). The VA stated that the retroactive application of the adjustment

meant that the VA had overpaid Wolff $27,999 in benefits and that Wolff was obligated to reimburse the VA for those funds.  See Exs. at 20-22, 26.

While it does not appear that Wolff is challenging the prospective reduction in benefits, he maintains that he is not responsible for the overpayment because he never received the money.  He claims that his former wife and her husband fraudulently stole the VA checks that were sent to Wolff's former residence, used the funds for their own purposes, and otherwise misappropriated Wolff's personal information.  Wolff also asserts that the VA did not conduct an adequate investigation into the alleged fraudulent acts of his former wife and her husband or exercise proper care to verify the address to which it was sending Wolff's checks.  In a later-filed document, D. 11, the plaintiff claims he never received all of the VA educational benefits to which he was entitled.

## II.   Discussion

Under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to a preliminary screening.  This statute authorizes a federal court to dismiss a complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b).  Further, a court has an obligation to inquire *sua sponte* into its own jurisdiction.  See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  In conducting this review, the Court liberally construes the complaint because Wolff is proceeding *pro se*.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

The United States (including its various branches, departments, and agencies) enjoys immunity from suit except in those instances in which it has expressly consented to be sued.  See

FDIC v. Meyer, 510 U.S. 471, 475 (1994).  Sovereign immunity is jurisdictional, see id. at 475, and a waiver of sovereign immunity must be expressly and unequivocally found in the statutory text and cannot be implied, see Lane v. Pena, 518 U.S. 187, 192 (1996).

Here, the sovereign immunity of the United States bars this Court from exercising jurisdiction over Wolff's claims.  Congress has dictated that the Secretary of Veterans Affairs ("Secretary") "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans."  38 U.S.C. § 511(a).  Judicial review may only be had, under certain circumstances, by the Court of Appeals for Veterans Claims and the United States Court of Appeals for the Federal Circuit, pursuant to the Veterans' Judicial Review Act of 1988.  See 38 U.S.C. §§ 511(b)(4), 7252(a), 7252(c), 7292.

Wolff's claims that he should not have to reimburse the overpayment, that the VA failed to investigate fraudulent conduct concern, and that he did not receive educational benefits all concern "the provision of benefits by the Secretary to veterans."  Therefore, pursuant to 38 U.S.C. § 511,  judicial review of the issues is limited to the Court of Appeals for Veterans Claims and the United States Court of Appeals for the Federal Circuit.  The federal district courts do not have jurisdiction over these matters.  See, e.g., Lewis v. Norton, 355 Fed. Appx. 69, 70 (7th Cir. 2009) (holding that prisoner's claims against the VA regarding the reduction in benefits and attempts to recoup overpaid benefits concerned "the provision of benefits by the Secretary to veterans," and that the district court had properly dismissed the claims for lack of jurisdiction).

The Court briefly addresses other issues Wolff raised in his papers.  To the extent he is attempting to raise claims concerning the conditions of his confinement in New Hampshire, venue is not proper in the District of Massachusetts.  See 28 U.S.C. § 1391(b)(1), (2) (providing for venue

in the judicial district in which "any defendant resides, if all defendants are residents of the State in which the district is located" or the judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred"). Insofar as Wolff seeks federal judicial review of his conviction or sentence, he may only do so by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the judicial district in which he is incarcerated. Finally, a private citizen does not have a right to initiate a criminal prosecution or compel the government to do so. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (stating that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (stating that "a private citizen has no authority to initiate a criminal prosecution").

**III.   Conclusion**

For the foregoing reasons, the Court rules as follows:

1. This action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. All pending motions are DENIED as moot in light of dismissal.

3. No filing fee is assessed in this case.

**So Ordered.**

       /s/ Denise J. Casper
       United States District Judge